IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARVIN JAMES RHINE | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv177 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Marvin James Rhine, a federal prisoner at the United States Penitentiary located in Pollock, Louisiana, proceeding *pro se*, filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

On March 22, 2017, in the Eastern District of Texas, movant was indicted in two counts of a five-count indictment against movant and seven co-defendants for conspiracy to interfere with commerce by robbery and bank robbery concerning the planning and execution of nine robberies which included an armored vehicle, as well as multiple banks and credit unions in Beaumont, Houston, Austin, and Corpus Christi, Texas.  Plaintiff was indicted for his role in three of the robberies.

On September 26, 2017, pursuant to a written plea agreement, movant entered a plea of guilty to Count One of the indictment charging him with Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951.  On April 13, 2018, the court entered judgment and

sentenced movant to a term of 215 months' confinement, three years' supervised release, a $100.00 special assessment, and ordered movant to pay $258,153.00 in restitution. The remaining count against movant was dismissed by the Government.

Movant appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. Movant's appeal was dismissed as frivolous on February 28, 2019.

## The Motion to Vacate

Movant brings this motion to vacate, set aside or correct sentence asserting that his conviction and sentence should be vacated because the conviction is the result of an involuntary plea of guilty. Specifically, movant contends counsel told him he "could plead guilty to a stolen car and/or selling the stolen car and [he] would get around three years." *See* Movant's Affidavit (ECF No. 2) at *2.

## The Response

The respondent was ordered to show cause why relief should not be granted. In response, the respondent asserts that movant's claims are without merit and not supported by the record. Accordingly, the respondent asserts the motion should be denied.

## Standard of Review

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255(a); *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), *cert. denied*, 504 U.S. 962 (1992).

"Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992)). After conviction and exhaustion or waiver of any right to appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir. 1991) (en banc), *cert. denied,* 502 U.S. 1076 (1992). "Thus, on collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *Samuels*, 59 F.3d at 528 (quoting *Shaid*, 937 F.2d at 232). Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a 28 U.S.C. § 2255 proceeding. *Id.*

Analysis

I.   *Plea Agreement*

In this case, movant pleaded guilty pursuant to a written plea agreement. Movant's plea agreement advised him of his rights, the nature of the charges against him, and contained a limited waiver of the right to appeal or otherwise challenge his conviction and sentence. Paragraph One of movant's written plea agreement provides:

> 1. **RIGHTS OF THE DEFENDANT**: The defendant understands that accused individuals have the following rights, among others:
>
>    a.   to plead not guilty;
>
>    b.   to have a trial by jury;
>
>    c.   to have guilt proved beyond a reasonable doubt;

      d.      to confront and cross-examine witnesses and to call witnesses in defense; and

      e.      to not be compelled to testify against oneself.

Paragraph Two provides:

    2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The defendant waives these rights and agrees to enter a plea of guilty to Count One of the indictment, which charges a violation of 18 U.S.C. § 1951, Conspiracy to Interfere with Commerce by Robbery. The defendant understands the nature and elements of the crime to which guilt is admitted and agrees that the factual statement the defendant has signed is true and will be submitted as evidence.

Paragraph Three of the plea agreement provides:

    3. **SENTENCE**: The maximum penalties the Court can impose include:

      a.      imprisonment for a period not to exceed twenty (20) years;

      b.      a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

      c.      a term of supervised release of not more than three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

      d.      a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk;

      e.      forfeiture of property involved in or traceable to the criminal offense;

      f.      restitution to victims or to the community; and

      g.      costs of incarceration and supervision.

Paragraph Four of the written plea agreement provides:

    4. **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES**: The defendant understands that the sentence in this case will be imposed by the Court after

consideration of the U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G. or guidelines). The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with defense counsel, but understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in the case. The defendant will not be allowed to withdraw the plea entered pursuant to this agreement if the sentence is higher than expected, so long as it is within the statutory maximum. The defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

Paragraph Nine of Movant's written plea agreement provides:

> 9. **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax-related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining charges against this defendant.

Paragraph Eleven of Movant's written plea agreement provides:

> 11. **VOLUNTARY PLEA:** This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

Paragraph Twelve of Movant's written plea agreement provides:

> 12. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

Paragraph Fourteen of Movant's written plea agreement provides:

> 14. **REPRESENTATION OF COUNSEL:** The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded

that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

Paragraph Sixteen of Movant's written plea agreement provides:

> 16. **ENTIRETY OF AGREEMENT**: <u>This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49. Reference in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum.</u> The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

## II.     *Voluntariness of the Plea*

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his conviction on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994); *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992). The plea agreement will be upheld where the record clearly shows the defendant read and understood it and that he raised no question regarding any waiver-of-appeal issue. *United States v. Portillo*, 18 F.3d 290 (5th Cir. 1994). "[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of the waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

In this case, movant specifically reserved the right to assert claims of ineffective assistance of counsel. Therefore, movant's claims against counsel are not waived to the extent they go to the voluntariness of the plea.

### a.     Change of Plea Hearing

A review of the record reveals movant was aware of his rights and voluntarily entered a plea of guilty. At the Change of Plea Hearing, movant stated he was forty-five years old and had

completed his GED. Movant acknowledged he was aware of his rights, such as the right to plead not guilty and receive a trial by jury, the right to assistance of counsel, he had a right to testify, he had a right to hear testimony against him, he had the right to compel the production of evidence, and he had a right to call and subpoena witnesses and cross-examine the witnesses called on behalf of the United States. Movant acknowledged his understanding of the waiver of these rights and had no questions for the court.

Movant was advised of the elements of the charge against him and acknowledged that he understood each of the elements required for conviction. Movant also acknowledged he understood these are the matters that the government is required to prove beyond a reasonable doubt in order to convict him if the case went to trial. Further, movant acknowledged that he understood the range of punishment for the count to which he was pleading guilty was a term of imprisonment for not more than twenty (20) years, a fine not to exceed $250,000 or up to double the amount of money gained, a term of supervised release of not more than three years, and a special assessment of $100.00, forfeiture of property involved in the criminal offense, restitution and costs of incarceration. Movant acknowledged he understood the range of punishment to which he would be exposed and all possible consequences of his guilty plea.

Movant acknowledged that he had fully discussed with his attorney the Indictment, the facts of this case and any possible defenses he may have. Movant stated he was satisfied with his attorney and was satisfied that counsel had fully thought about and considered his case. Counsel affirmed that he had fully and completely discussed each term of the plea agreement with movant.

Movant and his attorney signed the plea agreement confirming that it is the entire plea agreement, that no other promise has been made or implied, and that the agreement was entered into

freely, voluntarily, and upon advice of counsel. Movant acknowledged at the Change of Plea Hearing that he had gone over the plea agreement with counsel and, with respect to any questions he had, counsel had answered his questions to his satisfaction. Movant acknowledged that no one had made any promises to him in return for his entering a plea of guilty other than what is contained in the written plea agreement. Further, movant acknowledged no one had forced him, threatened him, or coerced him in any way to get him to plead guilty or accept the plea agreement.

Movant stated he had not been treated for any mental illness or addiction to drugs of any kind, was not currently under the influence of any drug, medication or alcoholic beverage. Additionally, both movant's counsel and counsel for the Government affirmed there was no reason to doubt movant's competence to plead guilty.

During the Change of Plea Hearing, the undersigned asked movant to explain in his own words what made him guilty to the charged offense. After movant stated that he purchased a stolen vehicle from somebody and somebody else borrowed it and movant did not know what happened after that, movant was informed that what he told the court did not meet the elements of the crime. Movant again explained he bought a car from someone for $500.00, parked it, and received a phone call from one of his co-defendants a few days later to use the car and return it. Again, movant did not claim knowledge of, or participation in, the robberies or conspiracy. The court informed movant that "I don't want you pleading guilty to something you didn't do so I'll give you some time to talk to your lawyer, but we'll go ahead and go onto the next plea." *See Rhine*, Criminal Action No. 1:17cr31-6, Plea Hearing Transcript at *18.

After a recess, movant was again instructed to inform the court in his own words what he did that makes him guilty of this offense. Movant then explained that he purchased a car, paid someone

to take the car to a specific location, and told one of his co-defendants, Micah, where the car was located. Movant stated Micah and a female friend then came to his house and they had a conversation about Micah using the vehicle and Micah told him in slang terms that they were going to commit a robbery in the Beaumont area based on information Micah had learned from someone else who had "scouted out" the area. *See* Change of Plea Hearing, at *18-20. Movant agreed on the record that he had supplied the vehicle to Micah that he was going to use to effect a bank robbery, and he had joined in that agreement with Micah with the intent to commit that bank robbery. *Id*. at *21.

Additionally, movant had signed a Factual Basis. Paragraph Four of the Factual Basis states: "[H]ad this matter proceeded to trial, the government, through the testimony of witnesses . . . and through exhibits, would have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the indictment; specifically, the government would have proven the following stipulated facts . . . ." *See Rhine*, Criminal Action No. 1:17cr31-6, Factual Basis (ECF No. 173) at *2. The following pages detailed his participation with several co-defendants in the planning and execution of three of nine total robberies of an armored vehicle, as well as multiple banks and credit unions in Beaumont, Houston, Austin, and Corpus Christi, Texas. *Id.* at *2-11. Both movant and counsel signed the Factual Basis, acknowledging movant had read the Factual Basis and Stipulation and the Indictment, or had them read to him and had discussed them with his attorney. Movant acknowledged that he fully understood the contents of the Factual Basis and Stipulation and agreed without reservation that it accurately describes the events and his acts, and he is knowingly and voluntarily agreeing to the stipulated facts. *Id.* at *11. While under oath at the Change of Plea Hearing in this case, movant agreed that he had read the Factual Basis and Stipulation, or they had been read to him, had discussed them with his attorney, and he fully understood the contents and

agreed without reservation that it accurately describes the events and his acts. *See* Plea Hearing Transcript at *14. Thus, the record indicates movant's plea was knowingly and voluntarily entered.[1]

b.  Unkept Promise

As set forth above, movant brings this motion to vacate, set aside or correct sentence asserting that his conviction and sentence should be vacated because his conviction is the result of an unkept promise by counsel.

To be constitutionally valid, a guilty plea must be knowing and voluntary. *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989). Thus, a guilty plea may be invalid if induced by defense counsel's unkept promises. *Id.*

In this case, movant contends counsel told him he "could plead guilty to a stolen car and/or selling the stolen car and [he] would get around three years." *See* Movant's Affidavit (ECF No. 2) at *2. Movant, however, pleaded guilty to Conspiracy to Interfere with Commerce by Robbery and was ultimately sentenced to a term of 215 months' confinement. Movant now asserts that during the recess at the Change of Plea Hearing, outside the record, counsel told him that "to get the three years he had earlier promised him he had to admit that he was in agreement with the plan of the bank robbery and he willfully joined in the plan with the intent to further its purpose." *See* Movant's Memorandum (ECF No. 3) at *4-5. Movant claims he "was lead [sic] into agreeing to the elements of the bank robbery at best by the Court." *Id.* at *5.

A review of the record in this case reveals that movant's current assertions are directly contradicted by his assertions in court under oath. The hearing transcript reveals that movant

---

[1] To the extent movant's argument may be liberally construed as challenging the plea process itself, movant's claim is both waived by the plea agreement and procedurally barred for failure to raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1982) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

described in his own words the conduct which proved his guilt regarding the charged offense. Additionally, movant signed the Factual Basis which detailed movant's participation in the planning and execution of three robberies, and he acknowledged the government could prove these facts if he had gone to trial. It is further noted that movant's Plea Agreement does not reference any promise of a three year sentence, nor did movant advise the court of any such promise at the time of his Change of Plea Hearing. At the Change of Plea Hearing, the court specifically asked movant: "Has anybody made any promise or assurance to you that's not in the Plea Agreement to get you to plead guilty or to accept the Plea Agreement?" *See* Change of Plea Hearing, at *10. Movant replied: "No, sir." *Id.* Finally, it is noted that movant has failed to produce any independent indicia of the likely merit of his allegations.

Movant's current assertions do not compel the conclusion that his plea was either unknowing or involuntary. Movant has provided insufficient support for his claim against counsel. "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir.1998) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977)). In light of the statements movant made as part of the plea agreement, the information in the Factual Basis and Stipulation, and the statements movant made in open court, it cannot be concluded that movant's plea was involuntary or unknowingly entered. The record demonstrates movant's plea was knowing, voluntary and intelligent and not the result of an unkept promise. Accordingly, movant has failed to show deficient performance on the part of counsel relating to his claims. As a result, movant's claim that his plea was involuntary is without merit. Moreover, movant has failed to show any prejudice related to his

claims against counsel. Therefore, movant's claims are without merit and the motion to vacate should be denied and dismissed.

III.     *Davis v. United States*

In a supplemental motion to vacate, movant asserts he is entitled to relief under the Supreme Court ruling in *United States v. Davis*, based on the Court holding that 18 U.S.C. § 924(c)(3)(B), the residual clause definition of a crime of violence, is unconstitutionally vague. *See United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319, 2324, 204 L. Ed. 2d 757 (2019). The Fifth Circuit has since determined that *Davis* applies retroactively on collateral review of an initial § 2255 motion. *See United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019).

Title 18 U.S.C. § 924(c) authorizes heightened criminal penalties for using, carrying, or possessing a firearm in connection with any federal "crime of violence or drug trafficking crime." *See* 18 U.S.C. § 924(c)(1)(A). "Crime of violence" is defined in two subparts of the title: the elements clause, § 924(c)(3)(A), and the residual clause, § 924(c)(3)(B). In *United States v. Davis*, the Court held that 18 U.S.C. § 924(c)(3)(B), the residual clause definition of a crime of violence, is unconstitutionally vague. *See Davis*, 139 S. Ct. at 2324. Thus, the Court's ruling in *Davis* applies only when a defendant's conviction under § 924(c) is predicated on a crime of violence as defined by the residual clause, § 924(c)(3)(B), and has no application if the predicate crime was a crime of violence defined by the elements clause, § 924(c)(3)(A), or if the predicate crime was a drug-trafficking crime.

In this case, Movant is entitled to no relief under the decision in *Davis* because movant was convicted of Conspiracy to Interfere with Commerce by Robbery. Movant's conviction under 18 U.S.C. § 1951 was not used as a predicate offense for a § 924(c) conviction. Therefore, Movant's

conviction was not based on the residual clause of Section 924(c)(3)(B) and is not unconstitutional. Thus, Movant is entitled to no relief.

## Recommendation

Movant's motion to vacate, set aside or correct sentence should be denied and dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 15th day of June, 2022.

_____
Zack Hawthorn
United States Magistrate Judge